UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                          CASE NO.

MITCHELL O'BRIANT HOBGOOD                       03-00742-5-ATS

    DEBTOR


MITCHELL O'BRIANT HOBGOOD

    Plaintiff                                   ADVERSARY PROCEEDING NO.

    v.                                          S-04-00178-5-AP

CITIFINANCIAL MORTGAGE COMPANY, INC.

    Defendant.


### ORDER ABATING ADVERSARY PROCEEDING

The matter before the court is the debtor's motion to abate this adversary proceeding pending the outcome of a state court proceeding. A hearing took place in Raleigh, North Carolina on June 1, 2005.

Mitchell O'Briant Hobgood filed a petition for relief under chapter 13 of the Bankruptcy Code on March 4, 2003. Citifinancial Mortgage Company filed a proof of claim asserting a secured claim in the amount of $92,054.63 with an $11,110.32 prepetition arrearage. Mr. Hobgood objected to the claim, contending that there was no valid deed of trust securing the note at issue. The court entered an order on March 19, 2004, denying the objection to the claim. The order reflects that Mr. Hobgood refinanced a 1994 debt in 2000 but no new deed of

trust was executed in 2000.  The court concluded that the failure to execute a deed of trust in conjunction with the 2000 note constituted a failure of consideration for the 2000 note, thus reviving the original liability on the 1994 debt.  The court also noted that the question of whether the lien could be avoided was not before the court, and must be raised by adversary proceeding.

On November 16, 2004, Citifinancial filed a motion for relief from the automatic stay to foreclose on the property due to Mr. Hobgood's default in payments.  Mr. Hobgood opposed the motion, contending again that the loan documentation was defective.  Mr. Hobgood also showed that Citifinancial's evidence presented in conjunction with the objection to claim was defective, in that Citifinancial submitted an affidavit stating that Mr. Hobgood signed the 1994 note, when in fact he had not.  Mr. Hobgood thus sought reconsideration of the court's findings regarding the secured nature of Citifinancial's claim.

The court entered an order on December 13, 2004, finding that while Mr. Hobgood did not sign the note in 1994, he clearly evidenced an intent to be liable under the original note and an intent for the real property to be encumbered by the original deed of trust. Based on those findings, the court allowed the motion for relief from the automatic stay to permit Citifinancial to pursue its foreclosure remedies in state court.  The court also noted that the issue of whether or not the deed of trust encumbers the property essentially

2

involves North Carolina state law, and any remaining issues could best be determined by the state court in connection with the foreclosure proceeding.

On December 6, 2004, Mr. Hobgood filed the instant adversary proceeding to avoid Citifinancial's lien. After the court entered its order of December 13, 2004, however, Mr. Hobgood sought the consent of Citifinancial to dismiss the action. Citifinancial refused, contending that this court should retain jurisdiction over this matter and enter a final order regarding the validity of the deed of trust.

Citifinancial is pursuing foreclosure in the state court. Should this court decide the adversary proceeding in its favor, it will still be required to pursue its foreclosure action in the state court. Should this court decide the adversary proceeding in the debtor's favor, the debtor will presumably use this court's orders in defense of the foreclosure proceeding. If this court abates this adversary proceeding, both parties are still free to use this court's orders in any appropriate manner in the state court to argue their positions. It would certainly be more economical for the state court to handle all of these issues in the foreclosure proceeding, rather than take additional steps in this court before returning to the state court.

The debtor wishes to forego its complaint to avoid the lien and pursue its arguments in defense of the foreclosure action. Citifinancial requested relief from the stay to pursue the foreclosure

3

action in state court and obtained that relief.  The court finds that it is in all parties' interest to abate this adversary proceeding pending the outcome of the foreclosure proceedings in state court.

Based on the foregoing, the motion to abate is **ALLOWED**, and this adversary proceeding will be held in abeyance pending the outcome of the state court action.

**SO ORDERED.**

DATED:   June 6, 2005

A. Thomas Small
United States Bankruptcy Judge